Argued November 23, affirmed December 23, 1970, petition for
rehearing denied January 12, petition for review
denied February 17, 1971

MUMPOWER, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

478 P2d 425

*Robert L. Ackerman,* Springfield, argued the cause
for appellant. With him on the brief were Babcock &
Ackerman, Springfield.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

This is a workmen's compensation appeal by claimant from a circuit court award of 40 per cent for "loss of an arm by separation" for an unscheduled back injury. The hearings officer and the Workmen's Compensation Board had awarded 25 per cent. Claimant seeks a finding of permanent and total disability.

In 1965, when he was 60 years old, claimant sustained the injury in question when he was "Hit by log—threw back onto pile of brush injuring back." Subsequently, he unsuccessfully tried to continue his life-long occupations of logging and commercial deep sea fishing. Then he tried working as a seasonal pick-up driver for a seafood market, but the proprietress, who employed claimant's wife in the market, testified that she would not rehire him because she thought, considering his physical condition, the work was too much for him.

The record satisfied the circuit judge, as it does us, that the prospect of this 65-year-old man ever again engaging in a suitable and gainful occupation is nebulous. If the industrial accident were proven to be the cause—that is, that it aggravated an arthritic condition of the spine, making it impossible for claimant to continue doing the work he had done satisfactorily until the accident, we think our decision in *Pykonen v. S.A.I.F.*, 3 Or App 74, 471 P2d 855 (1970), dictates the permanent and total disability finding

which claimant seeks. We are understanding of the defendant's argument that a claimant who has done hard manual labor for around 40 years is going to become incapacitated, regardless of an accident. Defendant argues, in effect, that a finding of total disability in such a case merely makes retirement social welfare legislation of what is intended to cover the narrower concept of compensation for incapacity arising from industrial accidents. A person who does hard and hazardous labor until he is elderly often may be expected to finally come to an industrial accident which, for a younger man, would be nothing, but which will totally incapacitate the older man. Defendant's argument is that such accidents are not intended to be covered by the Act. This, in a major sense, is the question we resolved in *Pykonen*. The disagreements over the philosophy involved should be addressed to the legislature.

The case at bar is distinguishable from *Pykonen* in that the claimant had another condition which, by itself, would be a reason for his incapacity, and for which there was no evidence to show it was caused or aggravated by the accident. He also has the work-connected back injury, which is an aggravation of pre-existing arthritic degeneration for which he had laminectomies performed by two orthopedic surgeons. After them, on October 21, 1968, one of the surgeons said:

> "I * * * have no good explanation for this man's persistent and continued disability. * * * [T]he findings were minimal * * *."

On February 12, 1969, the same surgeon said:

> "* * * I do not feel he is totally disabled. * * * [H]e should receive a permanent partial

disability award * * * based on the persistence of pain in his low back."

Referring now to the non-work connected disability, all through the years of back treatment and surgery, diagnoses show up in the record of calcification of the aorta. Much of claimant's disability, particularly in the two years preceding the award, stemmed from inability to walk with ease. He particularly complained, besides sciatic pain in the left leg, of knotting up in the buttocks, and when walking of having to stop and rest on this account.

Finally, this problem was medically investigated in September 1969, after which Wm. R. French, M. D., reported:

"* * * [T]his patient has significant atherosclerotic disease of the aorta and its proximal branches accounting for the intermittent claudication of his buttocks, and that he also has atherosclerotic disease of the distal arterial tree. I do not believe this is related to the left leg and foot pain which he experienced after his injury and after each of the two laminectomies which seems to me, on the basis of the patient's history, to be clearly on a neurological basis.

"* * * * *

"In summary, I believe that this patient has two separate problems. One, that of atherosclerotic disease of the aorta causing him intermittent pain in the buttocks after a significant amount of exercise, this being due to natural aging processes and not related to his injury; and second, that of sciatic pain in the left leg probably due to degenerative osteoarthritis of the spine aggravated by his industrial injury."

This was the basis for the hearing officer's opinion that "Much of claimant's present disability stems from nonoccupational causes."

The trial judge made oral findings from the bench in which he did not mention the aorta difficulty, but it was apparent that his judgment was based upon the whole record. He observed that if the back injury were eliminated claimant "would have an extremely difficult time obtaining a gainful and suitable regular occupation." This, as a finding, relates, we think, to the specific cause of disability other than the back— that is, the calcified aorta. The judge also said that he did not think enough consideration had been given to claimant's own testimony, and to his subjective symptoms. He raised the amount of the award as we have indicated. We agree with the trial judge, and we think the award he made is proper.

Affirmed.